UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ANGELA PERRY, | : Case No. 3:19-cv-298 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Sharon L. Ovington |
| | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**DECISION AND ENTRY**

## I. Introduction

Plaintiff Angela Perry brings this case challenging the Social Security Administration's denial of her application for disability benefits. In September 2015, Plaintiff filed an application for Supplemental Security Income that was denied initially and upon reconsideration. After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Stuart Adkins concluded she was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review, and she filed the present action.

She now seeks a remand for benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision.

The case is presently before the Court upon Plaintiff's Statement of Errors (Doc. No. 12), the Commissioner's Memorandum in Opposition (Doc. No. 15), and the administrative record (Doc. No. 9).

## II.    Background

Plaintiff asserts that she has been under a disability since September 2, 2000. At the time her application was filed, she was thirty-six years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). She has a high school education.

The evidence of the record is sufficiently summarized in the ALJ's decision (Doc. No. 9-2, PageID 129-45), Plaintiff's Statement of Errors (Doc. No. 12), and the Commissioner's Memorandum in Opposition (Doc. No. 15). Rather than repeat these summaries, the Court will focus on the pertinent evidence in the discussion below.

## III.    Standard of Review

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see* 42 U.S.C. § 1382(a). The term "disability"—as defined by the Social Security act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. §§ 1382c(a)(3)(A)-(B); *see Bowen*, 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakely*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance …" *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV. The ALJ's Decision

As noted previously, the Administrative Law Judge was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the Administrative Law Judge considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff did not engage in substantial gainful employment since the application date, September 24, 2015.

Step 2: She has the severe impairments of fibrositis/fibromyalgia, chronic obstructive pulmonary disorder (COPD), degenerative disc disease of the lumbar spine, venous insufficiency, obesity, depression, schizoaffective disorder, post-traumatic stress disorder (PTSD), agoraphobia, anxiety, bipolar disorder, and history of alcohol abuse.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … without [*sic*] the following additional limitations: lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking for about 6 hours in an 8-hour workday; sitting about 6 hours in an 8-hour workday; would be permitted to alternate between sitting and standing every 20 minutes; no climbing ladders, ropes and scaffolds; frequent stooping, kneeling, crouching, crawling and climbing of ramps and stairs; frequent handling bilaterally; should avoid exposure to odors, dusts, fumes and pulmonary irritants; can perform simple routine tasks but not a production rate pace and no strict production quotas; occasional interaction with supervisors and coworkers but no teamwork and no over the shoulder supervision; no contact with the general public; and occasional changes in a routine work setting defined as 1-2 per week."

Step 4: Plaintiff has no past relevant work.

      Step 5:      Plaintiff could perform a significant number of jobs that exist in the national economy.

(Doc. No. 9-2, PageID 131-45). Based on these findings, the Administrative Law Judge concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 144-45.

## V. Discussion

The basis for this action focuses on Plaintiff's use of a cane. Plaintiff contends that her use of a cane should have been considered medically necessary and accounted for in her residual functional capacity, and the ALJ's finding to the contrary was in error. She also asserts that, in the alternative, new and material evidence warrants remand for further consideration as more recent treatment records reflect that her cane is a medical necessity.

Plaintiff was indeed prescribed a cane by a physician, and this fact was recognized in the non-disability decision. (Doc. No. 9-6, PageID 491; Doc. No. 9-9, PageID 1477; Doc. No. 9-2, PageID 137). However, there is minimal evidence regarding Plaintiff's use of a cane. A prescription of a cane alone does not necessitate a finding that a cane is medically necessary, and it was reasonable for the ALJ to also look to the objective medical evidence in assessing Plaintiff's residual functional capacity. *See Simmons v. Comm'r of Soc. Sec.*, No. 1:12-CV-2591, 2013 WL 3873952, at *11 (N.D. Ohio July 25, 2013) ("A cane would be medically necessary if the record reflects more than just a subjective desire on the part of the plaintiff as to the use of the cane") (citations omitted).

There is no explicit finding by the ALJ that Plaintiff's use of a cane was not medically necessary. He nevertheless recognizes that Plaintiff was prescribed a cane. (Doc. No. 9-2, PageID 137). He also addresses the medical evidence related to Plaintiff's

5

gait. *Id.* In doing so, the ALJ cites to evidence where Plaintiff was regularly observed with a normal or steady gait or as ambulating without difficulty. (Doc. No. 9-7, PageID 506, 522, 622, 698, 703, 707, 710, 714, 719) (Doc. No. 9-9, PageID 1399, 1414, 1488) (Doc. No. 9-10, PageID 1511, 1523). These occurrences far outweigh the few instances where Plaintiff was observed to use a cane or ambulate with an abnormal gait. (Doc. No. 9-10, PageID 1490, 1569). Therefore, substantial evidence supports the ALJ's exclusion of a cane from Plaintiff's residual functional capacity.

The sentence six remand requested by Plaintiff also is not warranted. To obtain a sentence six remand under 42 U.S.C. § 405(g), the claimant must show that evidence is "new" and "material," and that there was good cause for failing to present it to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). The burden is on the claimant to demonstrate that remand is appropriate. *Ferguson*, 628 F.3d at 276.

For remand under these circumstances, "evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2568, 110 L. Ed. 2d 563 (1990)). Evidence is "'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Id.* (quoting *Sizemore v. Sec'y of HHS*, 865 F.2d 709, 711 (6th Cir. 1988)). And lastly, a "claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present evidence for inclusion in the hearing before the ALJ." *Id.* (citation omitted).

Plaintiff contends the proposed treatment records are "new" given that the records did not exist at the time of the hearing on March 29, 2018. In response, the Commissioner argues that the evidence is not new as the records existed prior to October 11, 2018, the date that the non-disability decision was rendered. The records at issue are from Dayton Pain Center, March 1, 2018 through October 3, 2018, and Spinal and Sports Therapy, February 23, 2018 through August 1, 2018. (Doc. No. 9-2, PageID 46).

This divergent view by the parties presents an interesting issue as to when evidence should be deemed "new." A related fact not addressed by either party is that the hearing transcript indicates that the record did not immediately close at the conclusion of the hearing, and instead was left open for some period of time. Nevertheless, these issues need not be addressed at present because, even assuming that the record was closed shortly after the hearing and some of the evidence would in fact be "new," Plaintiff has failed to demonstrate that such evidence is material.

The records from Dayton Pain Center and Spinal and Sports Therapy indicate that Plaintiff suffered from tenderness and restricted range of motion in her lower extremities, and that she was observed to use a cane. (Doc. No. 9-2, PageID 155, 158, 169). Plaintiff had been prescribed this cane several months prior to the hearing. However, treatment records between the time of that prescription and the hearing date show minimal use of the cane. The fact that Plaintiff was observed to use the cane on a few occasions after the hearing does not indicate that Plaintiff's situation significantly changed since the hearing, or that this limited medical evidence would have resulted in a different disposition.

Physicians also observed, prior to the hearing, that Plaintiff had tenderness and restricted range of motion in her lower extremities. In the decision, the ALJ acknowledged this and stated: "[t]reatment notes document decreased range of motion, [and] tenderness in the low back and hips." (Doc. No. 9-2, PageID 136). And in fact, Spinal and Sports Therapy made such observations several months prior to the hearing, which is reflected in the record. (Doc. No. 9-9, PageID 1490). Such evidence is not material as there is no reasonable probability that this evidence, which reflects information similar to that already present in the record, would have persuaded the ALJ toward a different outcome.

Moreover, it seems likely that this evidence is cumulative rather than new. *See generally Slaughter v. Astrue*, No. 3:09-CV-233, 2010 WL 3909364, at *12 (S.D. Ohio, March 31, 2010) (Ovington, M.J.), Report and Recommendation, adopted, 2010 WL 3909360 (S.D. Ohio, Sept. 30, 2010) (Rice, D.J.). In sum, these records do not show a reasonable probability that the ALJ would have reached a different conclusion had the later evidence been before him.

Thus, Plaintiff's asserted error is not well taken, and a sentence six remand in accordance with the additional evidence is not warranted.

**IT THEREFORE IS ORDERED THAT**:

1. The ALJ's non-disability decision is affirmed; and
2. The case is terminated on the Court's docket.

March 17, 2021                                              *s/ Sharon L. Ovington*
                                                                        Sharon L. Ovington
                                                                         United States Magistrate Judge